(112 App. Div. 909)

LIPIS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

STREET RAILROADS—COLLISIONS—INJURY TO TRAVELER—CONTRIBUTORY NEGLI-
GENCE.

Evidence in an action against a street railway company for injuries
received by a pedestrian in a collision with a car examined, and *held*
not to support a finding of freedom from contributory negligence neces-
sary to a recovery.

Appeal from Trial Term, New York County.

Action by Giovanni Lipis, an infant, by Fabrizio Lipis, his guardian
ad litem, against the Metropolitan Street Railway Company. From
a judgment for plaintiff, and from an order denying a motion for a
new trial, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM,
LAUGHLIN, and CLARKE, JJ.

Bayard H. Ames, for appellant.
M. P. O'Connor, for respondent.

PATTERSON, J. The judgment in favor of the plaintiff in this
action and the order denying a motion for a new trial must be reversed.
From the evidence adduced on the plaintiff's behalf, it is impossible
to understand the conditions and the surrounding circumstances in
which the accident resulting in his injury occurred, and he has com-
pletely failed to show freedom from contributory negligence. It ap-
pears that on the day mentioned in the complaint the infant plaintiff,
a boy 12 years of age, was at the southeast corner of Second avenue
and 115th street, intending to cross the avenue from east to west. He
testifies that he looked up and down Second avenue for approaching
cars; that he saw a car on the easterly track about four or five houses
from the corner; that car was proceeding uptown. He also swears
that at the same time he saw another car going downtown—that is to
say, on the westerly track—and that it was at 115th street. He did not
look again until he was on the easterly track, and when he was getting
off the last rail of the track the north-bound car struck him. Again
he states that he was on the track before he looked a second time, and
that he stood waiting for "the other"—that is, the downtown—car to
pass. He was struck and injured by the uptown car. He also testi-
fies that he was prevented from crossing the avenue by the south-bound
car; that he did not stand on the easterly track, but returned to the
sidewalk, and then proceeded again to cross. All this time the north-
bound car which struck him was in full progress. The testimony of
the plaintiff is so contradictory and confused that it is impossible to
gather a coherent story from it; but the one fact prominently appears
that it was, according to his statement, the south-bound car at 115th
street which prevented his crossing the avenue when he made his first
attempt. But it is apparent from the testimony of two of plaintiff's
witnesses, who were spectators of the occurrence, that the plaintiff's
alleged reason for not at once crossing the avenue has no foundation
in fact. Both those witnesses testified that there was no south-bound

car. One of them (Serra) says he saw the occurrence from the time the boy stepped off the sidewalk until he was struck by the car; and further, that, "during all the time that the boy was going over from the crosswalk to the track, there was no car on the downtown track. The only car that I saw was the one that was on the uptown track." The witness Benedette says: "I did not see a car coming on the downtown track. No car was there at all, only this one; the only car was the uptown car." If these witnesses are correct, the boy could have crossed in safety when he first started. With the proof in such a state, the verdict of the jury that the plaintiff was free from contributory negligence must have been the result of mere conjecture.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.